IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JULIE HALLMAN, } | |
| } | |
|     Plaintiff, } | |
| } | |
| v. } | Case No. 7:06-CV-1374-RDP |
| } | |
| RITE WAY SERVICE, INC., } | |
| } | |
|     Defendant. } | |

**MEMORANDUM OPINION**

The court has before it Plaintiff's Motion to Facilitate Class Notice Pursuant to § 216(b) of the Fair Labor Standards Act (Doc. # 6) filed August 10, 2006. The motion has been fully briefed and was under submission, without oral argument, as of August 29, 2006.

Plaintiff filed this action against Rite Way Service, Inc. ("Rite Way") alleging that she was denied overtime in violation of § 216(b) of the Fair Labor Standards Act ("FLSA"). Rite Way provides janitorial and cleaning services at Walker Baptist Hospital in Jasper, Alabama, where Plaintiff was employed, in addition to seven other healthcare facilities in three states. Plaintiff seeks to pursue this matter as a collective action under FLSA "to represent all 'similarly situated' housekeepers (current and former) of [Rite Way] who were employed by [Rite Way] who were subject to [Rite Way] uniform policy of not paying them overtime compensation during the three years prior to filing of the Complaint." (Doc. # 7, at 1-2).[1]  Plaintiff has requested this court to "authorize this case to proceed as a nation-wide collective action, order the requested identification of the potential opt-ins, and authorize the issuance of the plaintiff's proposed notice [] to be mailed

---

[1] The FLSA provides for a default two-year statute of limitations or, as the Plaintiff alleges herein, a three-year statute of limitations for wilful violations of the FLSA. *Knights of Columbus, GA*, 19 F.3d 579, 582 (11th Cir. 1994); 29 U.S.C. § 255(a).

to all Housekeepers of [Rite Way] in the three years prior to the filing of the complaint, informing them of their rights to participate as opt-in plaintiffs in this action." (Doc. # 7, at 2). After careful consideration of the legal arguments and evidence presented, the court concludes that Plaintiff's Motion to Facilitate Class Notice is due to be denied.

## I.     CERTIFICATION OF COLLECTIVE ACTION ANALYSIS

Plaintiff's request for conditional certification of an FLSA collective action is governed by 29 U.S.C. § 216(b), which provides in pertinent part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

Notably, under this section, no person can become a party plaintiff to an FLSA collective action unless that person affirmatively "opts into" the class by giving written, filed consent. Courts generally follow a two-step process for forming a FLSA representative action. *Hoffman-LaRoche, Inc. vs. Sperling*, 493 U.S. 165, 169-170 (1989). First, upon request of a plaintiff to issue notice of the lawsuit to other potential plaintiffs, the court must determine if the class should be conditionally certified. *Hoffman-LaRoche, Inc.*, 493 U.S. at 169-170. Second, after opt-in consents have been filed and discovery concerning the various allegations of the potential class members has taken place, the court will generally determine whether the case should proceed as a collective action or be

severed into separate lawsuits. *Hoffman-LaRoche, Inc.*, 493 U.S. at 169-170.[2]

With respect to the first phase, it is within the court's "discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential class members." *Hoffman-La Roche*, 493 U.S. at 169; *see also Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001) ("The decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court."). In *Dybach v. State of Fla. Dep't of Corrections*, 942 F.2d 1562 (11th Cir. 1991), the Eleventh Circuit set forth a two-part test for determining whether a collective action under the FLSA should be conditionally certified. The two judicial inquiries for the court to make are: (1) whether there are other employees of the employer who wish to "opt-in;" and (2) whether those employees are "similarly situated" with respect to both job duties and pay. *Dybach*, 942 F.2d at 1567-68; *see also Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1247-49 (11th Cir. 2003) (detailing differences between collective actions under FLSA and class actions under Rule 23). Plaintiff bears the burden of demonstrating a "reasonable basis" for her claim that collective action status is appropriate. *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996) (citation omitted).

---

[2] The Eleventh Circuit has issued the following opinion regarding the two-phase process:

> The two-tiered approach to certification of § 216(b) opt-in classes described above appears to be an effective tool for district courts to use in managing these often complex cases, and we suggest that district courts in this circuit adopt it in future cases. Nothing in our circuit precedent, however, requires district courts to utilize this approach. The decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court.

*Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001).

### A.     Opt-In Interest Requirement

Turning to the first requirement, Plaintiff proffers as supporting evidence of interest of potential class members only her affidavit, which states:

> I am personally aware of at least four (4) other housekeepers who would join in this case if given the opportunity. However, at least two of the four are still employed and are afraid that they will be retaliated against by the company if they join in this lawsuit.

(Doc. # 7, at Ex. A). Plaintiff's brief argues: "An undetermined number of current and former RW Housekeepers are 'similarly situated' to the named plaintiff and may desire to opt into this collective action." (Doc. #7, at 11-12).

The court finds that, even under the "fairly lenient standard" called for by *Hipp*, Plaintiff has not met her "burden of demonstrating a reasonable basis for crediting [her] assertions that aggrieved individuals exist[ ] in the broad class that [she] propose[s]." *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir.1983). Although other district courts in this Circuit have affirmed the existence of other employees who desire to opt-in on the basis of affidavits of the other employees, *e.g., White v. Osmose, Inc.*, 204 F.Supp.2d 1309, 1313 n. 2 (M.D.Ala.2002), consents to join the lawsuit filed by other employees, *e.g., Tucker v. Labor Leasing, Inc.*, 872 F.Supp. 941, 947-48 (M.D.Fla.1994), and expert evidence on the existence of other similarly-situated employees, *Barron v. Henry County School Sys.*, 242 F.Supp.2d 1096, 1105 (M.D.Ala.2003), courts also have made it clear that a plaintiff's mere stated belief in the existence of other employees who desire to opt-in is insufficient, *Horne v. United Servs. Auto. Ass'n*, 279 F.Supp.2d 1231, 1236 (M.D.Ala.2003)*; Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272, 1277 (M.D. Ala. 2004), as are "unsupported expectations that additional plaintiffs will subsequently come forward," *Mackenzie v. Kindred*

*Hosps. East, L.L.C.*, 276 F.Supp.2d 1211, 1220 (M.D. Fla.2003). To satisfy her burden, Plaintiff must introduce more than her own belief that other potential class members exist. Nonetheless, she has filed no affidavits or consents from these would-be class members to suggest that they are actually willing to join the suit. Moreover, her own affidavit reveals that two of the four potential class members that she identifies may not even choose to opt-in because they are current employees who are "afraid they will be retaliated against by the company if they join in this lawsuit." (Doc. # 7, Ex. A).

In sharp contrast to this paucity of evidence offered by Plaintiff, Rite Way has produced affidavits from four (4) housekeepers who work for Rite Way at Walker Baptist Hospital (where Plaintiff was employed) who have indicated either that they never worked more than forty (40) hours on the job in a work week, or that they were, in fact, paid the correct amount of overtime.[3] (Doc. # 9, at Ex. C). This affidavit evidence suggests to the court that many employees who worked in the same location as Plaintiff (let alone in the seven (7) other healthcare facilities where Rite Way dispatches housekeepers to work) may not even be eligible as potential class members – much less have an interest in opting in to this lawsuit. *See* Memorandum Opinion and Order at 5 in *Wombles v. Title Max of Alabama, Inc.*, No. 3:03-CV-1158-C, (M.D. Ala. Dec. 7, 2005) (denying Plaintiffs' Motion to Facilitate Class Notice Pursuant to 29 U.S.C. § 216(b) based in part upon comparing Plaintiffs' limited evidence to Defendants' submission of employee affidavits in opposition to request for collective action status) (Doc. #45 at Ex. B). For all of these reasons, Plaintiff's Motion to Facilitate Class Notice fails for want of any reasonable basis for the court to conclude that an

---

[3] The submission of four (4) affidavits from Rite Way employees at Walker Baptist is significant considering that Rite Way has identified a total of only thirty-three (33) non-managerial housekeepers who were employed by Rite Way at that location. (Doc. # 7, at Ex. A).

interest to opt-in exists.

### B.     Substantially Similar Requirement

The absence of evidence demonstrating that Rite Way employees have a desire to opt-in to this case makes the second inquiry difficult if not impracticable to undertake, as the court reads *Dybach* to require a comparison of the pool of potential opt-in candidates with the named plaintiffs to see if their job requirements and pay are substantially similar. Moreover, "the burden is on the plaintiff[] to make an evidentiary showing that [she] and the proposed class are similarly situated, not on the defendants to disprove such similarity." *Reed v. Mobile County Sch. Sys.,* 246 F. Supp. 2d 1227, 1232 (S.D. Ala. 2003).[4]

Notwithstanding the lack of a readily discernible pool of potential opt-in candidates to compare with the named Plaintiff, the court does not hesitate to find that, as a general matter, Plaintiff has failed to demonstrate to the court that all Rite Way housekeepers are similarly situated to Plaintiff. The Eleventh Circuit has repeatedly held that "plaintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members.'" *Hipp v. Liberty National Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001)(quoting *Grayson v. K-Mart Corp.,* 79 F.3d 1086, 1097 (11th Cir. 1996)(other citations and original alterations omitted)).[5]

---

[4] The Eleventh Circuit has noted that the § 216(b) "similarly situated" standard is "less stringent" than the proof of numerosity, commonality, typicality, and adequacy of representation required for class certification under Federal Rule of Civil Procedure 23. *Grayson*, 79 F.3d at 1096; *see also Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995)(applying a "fairly lenient standard" for § 216(b) determinations).

[5] The court notes that, although authority within the Eleventh Circuit supports the application of "a more rigorous standard than that called for by *Hipp*" when the parties have engaged in substantial discovery, *Davis*, 303 F. Supp. 2d at 1276, no discovery has occurred in this case. Moreover, contrary to Defendant's assertion that "plaintiffs'[sic] motion should be denied because it is premature, coming before any discovery has been conducted," (Doc. # 9, at 2), discovery is not necessary prior to a determination on the issue of § 216(b) notice. *E.g., Mooney vs. Aramco*

Nonetheless, Plaintiff bears the burden of demonstrating a "reasonable basis" for her claim, which may be met "by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which 'successfully engage defendants' affidavits to the contrary.'" *Grayson,* 79 F.3d at 1097 (quoting *Sperling v. Hoffman-LaRoche*, 118 F.R.D. 392, 406-07 (D.N.J.1988)).[6]

Rather than provide competent evidence of similarity, Plaintiff instead focuses on the "leniency" of the similarly situated standard and the fact that she shares the same "housekeeper" title as the other potential class members.[7] (Docs. # 7, 12). In fact, the only two pieces of evidence proffered by Plaintiff in support of her motion are not probative of the similarity requirement as they relate only to *her* employment experience with Rite Way: (1) Plaintiff's affidavit testimony that she

---

*Services Co.*, 54 F.3d 1207, 1213-1214 (5th Cir. 1995).

[6] The court discounts Defendant's focus on the lack of evidence that a "single decision, policy or plan" caused the alleged statutory violation (Doc. # 9, at 8), because the Eleventh Circuit has held that "a unified policy, plan or scheme of discrimination may not be required to satisfy the more liberal 'similarly situated' requirement of § 216(b)." *Grayson,* 79 F.3d at 1095; *Hipp,* 252 F.3d at 1219.

[7] Ironically, Plaintiff calls attention to the dearth of evidence she has proffered in this case by comparing herself to other cases in which the evidence was more than sufficient:

> The plaintiff has more than satisfied the quantum of proof typically required for issuance of notice. For example, in *Tucker*, 872 F. Supp. at 943, a collective action was authorized on the evidence provided by one named plaintiff and two subsequent opt-ins. In *Garner,* 802 F. Supp. at 422, the court required issuance of notice where plaintiff identified 40 employees with prima facie claims of age discrimination. Similarly, in *Belcher,* 927 F. Supp. at 252, the court found sufficient evidence in the twenty-four (24) affidavits filed by plaintiffs in support of their motion that the employer's "practices were not limited to a single store or region." In sum, the plaintiffs' proof is more than adequate to support a finding that there are "similarly situated" RW employees who should be apprized [sic] of the pendency of this action and given an opportunity to opt-in.

(Doc. # , at 7, at 12-13) (footnotes omitted).

"was required to consistently work more than 40 hours per week . . . . [but] was not paid 1 and ½ my hourly rate for all hours I worked over 40 a week" (Doc. # 7, Ex. A),[8] and (2) pay stubs for two separate pay periods which she claims demonstrate that she was not paid overtime when she worked over forty (40) hours a week (Doc. # 12, Ex. 1).[9]  On the other hand, as noted above, Rite Way has presented to the court affidavits from four (4) of the thirty-three (33) Rite Way housekeepers who work at Walker Baptist which tend to show compliance with FLSA overtime requirements and *lack* of similarity with Plaintiff's allegations.  Moreover, Plaintiff has utterly failed to offer *any* evidence regarding pay practices or employee experiences at any other of Rite Way's seven (7) healthcare locations.[10]

Therefore, in the absence of any evidence tending to show that Rite Way routinely breached FLSA's overtime provisions as to anyone other than Plaintiff, certification of a conditional class would run directly counter to "the economy of scale envisioned by" collective treatment of

---

[8] Defendant, of course, disputes these assertions with affidavit testimony from Plaintiff's former supervisor, who maintains that Plaintiff never raised issues about her pay and was always paid in accordance with Rite Way's overtime policy.  (Doc. # 9, at Ex. B).

[9] The information contained on the pay stubs is not as clear as Plaintiff would like it to be.  The court agrees with Plaintiff that the pay stubs show that, although Rite Way did pay Plaintiff overtime at some point, that overtime was not paid to Plaintiff for work during the two pay periods covered by those pay stubs.  (Doc. # 12, at Ex. 1). Nonetheless, the court is not convinced that the pay stubs demonstrate that Plaintiff was due overtime for those particular pay periods.  The first pay stub represents that Plaintiff was paid for 82.20 hours of work during the time period from Tuesday, August 16, 2005 until Wednesday, August 31, 2005, while the second pay stub shows that Plaintiff worked 44.90 hours from the period Saturday, October 1, 2005 until Saturday, October 15, 2005. (Doc. # 12, Ex. 1).   Rite Way has presented evidence that it considers the period of time from "Sunday to Saturday" a "work week."  (Doc. # 9, Ex. B).  Thus, both pay stubs cover at least a portion of three different work weeks, and neither pay stub indicates how many hours Plaintiff worked during each of those weeks or whether those hours exceeded forty (40) per work week and entitled her to overtime.

[10] Defendant, on the other hand, has submitted affidavit testimony that the other facilities in which Rite Way employees work have "unique cleaning requirements and work procedures."  (Doc. # 9, at Ex. A).

substantially similar employees under § 216(b) of the FLSA. *See Horne* v. *United Servs. Auto. Ass'n,* 279 F. Supp. 2d 1231, 1237 (M.D. Ala. 2003) (discussing § 216(b)'s "competing considerations of the economy of scale" and avoiding "'stirring up' of litigation through unwarranted solicitation") (citations omitted). Accordingly, the court alternatively rejects Plaintiff's effort to obtain conditional certification because she has failed to satisfy the similarly situated requirement regarding her compensation.

## III.   CONCLUSION

For the reasons explained above, the court finds that Plaintiff's Motion to Facilitate Class Notice Pursuant to § 216(b) of the Fair Labor Standards Act (Doc. # 6) is due to be denied because Plaintiff has not adequately demonstrated: (i) evidence of housekeepers who would have a desire to opt-in to a collective action; or, alternatively, (ii) evidence of potential opt-ins who are similarly situated to Plaintiff with respect to their job duties and pay. A separate order will be entered.

**DONE** and **ORDERED** this   5th   day of September, 2006.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE